## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| Plaintiff, | ) **Case No. 13-CV-248-CVE-PJC** |
| v. | ) ) ) |
| **(1) FABRICUT INC.,** | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, Title II of the Genetic Information Non-Discrimination Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and genetic information and to provide appropriate relief to Rhonda J. Jones who was adversely affected by such practices. As alleged with greater particularity in paragraph 9, below, Defendant refused to hire Jones as a memo clerk because it perceived her to be afflicted with carpel tunnel syndrome. In addition, as alleged in paragraph 13, below, Defendant unlawfully sought genetic information about Jones and other applicants for employment by asking applicants, including Jones, as part of a post-offer medical examination whether or not they had a family medical history for a variety of diseases.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and by Section 207(b) of the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C.§2000ff-6(a), which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.§1981a.

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

4.    The Commission is also the agency of the United States of America charged with the administration, interpretation and enforcement of Title II of the GINA, and is expressly authorized to bring this action by Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant, Fabricut, Inc., has continuously been an Oklahoma corporation doing business in the State of Oklahoma and the City of Tulsa, and has continuously had at least 15 employees.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), and under Section 201(2)(B)(i) of the GINA, 42 U.S.C.§2000ff(2)(B)(i), all of which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Rhonda J. Jones filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. During the course of the investigation of such charge, Defendant provided medical records reflecting the post-offer medical examination of Jones. These records on their face reflected an unlawful inquiry for genetic information from Jones. Defendant was thereafter notified that the investigation would include its compliance with Title II of the GINA regarding its solicitation of family medical histories of applicants. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Violation of the ADA

9.    On or about August 9 and 10, 2011, Defendant engaged in unlawful employment practices at its Tulsa, Oklahoma, facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C.§12112(a).  Defendant refused to hire Jones for the position of memo clerk because it perceived her to have a disability in that:

> (a)  Defendant made an offer of employment to Jones conditioned upon her passing a medical examination;
>
> (b)  Defendant believed, based upon the results of the medical examination administered by Knox Laboratories, that Jones had or was predisposed to develop Carpel Tunnel Syndrome;
>
> (c)  Defendant withdrew its offer of employment to Jones because it believed that she had Carpel Tunnel Syndrome or was predisposed to develop Carpel Tunnel Syndrome;
>
> (d)  At the time that Defendant withdrew its offer of employment, Jones was a qualified individual with a disability, as defined by the ADA, who could perform the essential functions of her job with or without a reasonable accommodation.

10.    The effect of the practices complained of in paragraphs 9(a) (b), (c) and (d), above, has been to deprive Rhonda J. Jones of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her disabilities or perceived disabilities.

11. The unlawful employment practices complained of in paragraphs 9(a) (b), (c) and (d), above, were intentional.

12. The unlawful employment practices complained of in paragraphs 9(a),(b), (c) and (d), above, were done with malice or with reckless indifference to the federally protected rights of Rhonda J. Jones.

## Violation of the GINA

13. Since at least August 9, 2011, Defendant engaged in unlawful employment practices at its Tulsa, Oklahoma facility in violation of Section 202(b) of Title II of the GINA, 42 U.S.C.§2000ff-1(b), in that Defendant requested and required Rhonda J. Jones, and other applicants for employment, to indicate whether or not they had a family medical history for a variety of disorders and diseases as part of a post-offer medical examination conducted for Defendant by Knox Laboratories. Such information was then provided to Defendant by its agent, Knox Laboratories, for use in its hiring and employment process.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Rhonda J. Jones and other applicants for employment of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their genetic information.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Rhonda J. Jones and other applicants for employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire applicants for the position of memo clerk who it believes have carpel tunnel syndrome or who it believes are predisposed to carpel tunnel syndrome.

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from rescinding a conditional offer of employment for any reason other than the results of a medical examination that conclusively establishes that the applicant cannot perform the essential elements of the job, with or without a reasonable accommodation, for which they were offered employment.

C.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from seeking information about family medical history from applicants for employment as part of a post-offer medical examination.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant to make whole Rhonda J. Jones, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Rhonda J. Jones.

F. Order Defendant to make whole Rhonda J. Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 and 13, above, including any job search expenses and medical expenses, in amounts to be determined at trial.

G. Order Defendant to make whole Rhonda J. Jones by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9 and 13, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Rhonda J. Jones punitive damages for its malicious and reckless conduct, as described in paragraphs 9-16 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

7

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Barbara A. Seely
Regional Attorney

C. Felix Miller
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103

PATRICK HOLMAN, OBA 21216
Senior Trial Attorney

Oklahoma Area Office of the EEOC
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, Oklahoma 73102
(405) 231-4363 (Office)
(405) 231-5816 (FAX)
patrick.holman@eeoc.gov (e-mail)

**Attorney for Plaintiff EEOC**