UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 13-CV-0248-CVE-PJC |
| FABRICUT INC., | ) ) ) ) |
| Defendant. | ) |

## CONSENT DECREE

This matter comes on for consideration of the Joint Motion for Entry of Agreed Consent Decree. Dkt. # 4. Plaintiff Equal Employment Opportunity Commission ("EEOC") commenced this action alleging that defendant Fabricut Inc., discriminated against Rhonda Jones in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), as further set forth in this lawsuit.

For purposes of settlement and compromise only, the parties advise the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation. The parties acknowledge that the settlement of this lawsuit and entry of this Consent Decree do not constitute an adjudication on the merits of the action. The parties also acknowledge and agree that the settlement of this lawsuit does not constitute an admission by Fabricut Inc., of any violation of the ADA, GINA, or any other law. The parties further

acknowledge and agree that the terms of this Consent Decree are the product of negotiation. The provisions in this Consent Decree are not intended to be adopted for any purpose other than this Agreement, and the parties understand that these provisions have no precedential effect on any pending or future charges.

It is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the requirements of the ADA and GINA shall be carried out by the entering of this Consent Decree; (iii) this Consent Decree is intended to and does resolve all matters arising under the ADA and GINA in this lawsuit; and (iv) the terms of this Consent Decree constitute a fair and equitable settlement of all issues arising under the ADA and GINA in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

### I. General Provisions

1. The Consent Decree is being entered by and with the consent of the parties for purposes of settlement. **The Joint Motion for Entry of Agreed Consent Decree (Dkt. # 4) is granted**.

2. Defendant shall not discriminate against any applicant or employee ("employee") on the basis of their disability or perceived disability or genetic information.

3. Defendant shall not retaliate against any employee because such employee has: (i) opposed any employment practice alleged to constitute illegal discrimination, including

but not limited to disability and genetic information discrimination; (ii) participated in an investigation concerning or related to allegations of such discrimination; and/or (iii) participated in this lawsuit and/or the underlying EEOC investigation of the charge which formed the predicate for this lawsuit.

## II. Relief for Charging Party

### A. Monetary Relief

1.      Within fifteen (15) days of the entry of the Consent Decree by the Court and after Charging Party provides defendant with a fully executed Tax Form W-9, defendant shall pay to Charging Party via check the amount of $50,000.00 (Fifty Thousand and 00/100 Dollars) as compensatory damages, along with a completed Tax Form 1099 at the end of the calendar year for such amount.   Defendant shall designate the compensatory damages payment as "other income" on IRS Form 1099.

### B. Confirmation of Compliance

1.      Within twenty (20) days of the entry of the Consent Decree, defendant shall deliver to Patrick Holman, Senior Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for Plaintiff EEOC, a photocopy of the check to Charging Party, described in Paragraph II.A.1, as confirmation of receipt of payment.

### III. Injunctive Relief, Training, and Monitoring

### A.  Notice Posting and Policy

1. Within twenty (20) days of the entry of the Consent Decree, defendant shall post a Notice, attached hereto as Exhibit A, where notices to employees and/or applicants for employment are customarily posted, upon the premises of defendant's Tulsa, Oklahoma locations. Such Notice shall remain posted for six (6) months.

2. Defendant shall review and/or revise and/or create personnel policies to communicate and implement the requirements and prohibitions of the Genetic Information Nondiscrimination Act (GINA) and the Americans with Disabilities Act (ADA). Within thirty (30) days of the entry of the Consent Decree, defendant shall submit such personnel policies for review and discussion to Patrick Holman, Senior Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for plaintiff EEOC. Concerning applicants and all employees at its Tulsa locations, Fabricut shall provide its anti-discrimination policy to applicants through the job application and will supply these policies to employees through the Employee Handbook.

## B. Training

1.     Within sixty (60) days of the entry of this Consent Decree, defendant shall submit for approval to Patrick Holman, Senior Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for plaintiff EEOC, the identities of one or more proposed vendors which are knowledgeable and experienced in the area of employment law training, to provide the training as set forth below.

2.     Within one hundred and eighty (180) days of the entry of the Consent Decree, defendant shall provide two (2) hours of live anti-discrimination training to all management and human resource personnel with responsibilities related to hiring with such training to include an emphasis on the requirements and prohibitions of GINA and the ADA in hiring, including the requirement of conducting an individualized assessment of qualified applicants with disabilities based on the most current medical knowledge.

3.     In each remaining year of the Consent Decree, defendant shall provide the same categories of persons subject to live training a detailed written memorandum or correspondence designed to reiterate and refresh the employee on the specific topics previously trained upon.

## C. Additional Injunctive Relief

1.     Defendant shall, within sixty (60) days from the entry of this Decree, at its Tulsa location(s):

      a.      Abstain from inquiring directly or indirectly, such as through a contract pre-employment medical examiner, into the "genetic information," as defined by 29 CFR § 1635.3(c), of an applicant or an applicant's family member, except as permitted by 29 CFR § 1635.8(b).

      b.      Abstain from withdrawing a conditional job offer from an otherwise qualified applicant on the sole basis that the applicant reported different results to different treating physicians in different post-offer of employment medical examinations.

      c.      Only refer applicants for post-offer health assessments in compliance with the law and current regulations that provide for a specific individualized assessment by the examining physician of: (1) the applicant's present ability to perform the essential functions of the job with or without a potential reasonable accommodation; and (2) whether the individual may pose a direct threat to his/her or others' safety based on the most current medical knowledge or best available objective evidence. *See* 29 CFR §§ 1630.2(r) and 1630.14(b).

### D. Monitoring

1.      Within thirty (30) days of the entry of the Consent Decree, defendant shall submit a written certified statement of compliance with the notice posting term at Part III.A.1, above, by an authorized agent of defendant, to Patrick Holman, Senior Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK. 73102.

2. Within thirty (30) days of each training session as set forth in Parts III.B.2-3, above, defendant shall provide in writing certification of compliance with the training requirement to Patrick Holman, Senior Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK. 73102. Such certification shall be made by an authorized agent of defendant and shall include as attachments: copies of any and all documents used in the training, including but not limited to the training agenda or syllabus and the names and job titles of the trainees and the dates of their training.

### IV. Term and Effect of Decree

1. By entering into the Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by the Charging Party with the EEOC, which formed the foundation for the lawsuit in this action.

2. The Consent Decree shall be in force for a period of two (2) years during which term the Court shall retain jurisdiction for compliance and enforcement purposes.

3. The Consent Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall notify any successors and assigns, including but not limited to any and all purchasers, of the obligations of the Consent Decree during the two (2) year term of the Consent Decree.

4. The parties shall bear their own costs and attorneys' fees.

**IT IS FURTHER ORDERED** that, subject to paragraph IV(2), this is a final order terminating this case.

**DATED** this 14th day of May, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

BARBARA A. SEELY
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney


s/ Patrick J. Holman
Patrick J. Holman, OBA 21216
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 direct dial; (405) 231-5816 (fax)
Patrick.holman@eeoc.gov

**Counsel for Plaintiff EEOC**

-&-

s/ Kimberly Lambert Love
Kimberly Lambert Love, OBA 12445
Titus Hillis Reynolds Love Dickman & McCalmon PC
3700 First Place Tower, 15 East Fifth Street
Tulsa, Oklahoma 74103
(918) 587-6800 main; (918) 587-6822 fax
klove@titushillis.com

Counsel for Defendant Fabricut Inc.,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Oklahoma Area Office

EXHIBIT



EEOC - Oklahoma Area Office
215 Dean A. McGee, Suite 524
Oklahoma City, OK 73102
(405) 231-4911 (telephone)

## NOTICE

**Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, national origin, religion, sex, disability, age or genetic information with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.**

Title I of the Americans with Disabilities Act of 1990 (ADA), prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment.

Under Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), it is illegal to discriminate against employees or applicants because of genetic information. GINA prohibits the use of genetic information in making employment decisions, restricts employers and other entities from requesting, requiring or purchasing genetic information, and strictly limits the disclosure of genetic information.

Fabricut Inc., will comply with all federal laws regarding employment, particularly GINA and the ADA and will not discriminate in hiring as against individual applicants with regard to his or her genetic information, disability or perceived disability.

Further, Fabricut will not take any action against any person because they, or someone closely associated with them (e.g. friend, relative, in-law, etc.), have exercised their rights under the law.  Should you be retaliated against because you, or someone associated with you, have opposed any practice made unlawful by federal employment laws enforced by the EEOC or for having filed a charge of discrimination, testified, assisted, or participated in an investigation, proceeding, or litigation under federal employment laws enforced by the EEOC or in any other way been discriminated against while employed by or applying for employment with Fabricut Inc., you may seek assistance from:

U.S. Equal Employment Opportunity Commission –
Oklahoma Area Office - 215 Dean A. McGee, Suite 524
Oklahoma City, OK 73102
(405) 231-4911 (telephone)

This NOTICE will remain posted until **November 7, 2013**, by direction of the Equal Employment Opportunity Commission.

SIGNED s/Holly W. Cole on this 7th day of May, 2013.
    Holly W. Cole, Area Director
    Oklahoma Area Office of the EEOC

9